ALBERT SOWLES *vs.* MUTUAL RESERVE FUND LIFE
ASSOCIATION.

May Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON, START and
WATSON, JJ.

Opinion filed July 8, 1899.

*Facts, not Legal Conclusions, to Be Pleaded.*—The bill is insufficient in
that it does not set forth the contract sufficiently to enable the court to
determine whether the act of the defendant sought to be enjoined was in
violation of the contract,—the allegation that the act complained of
was in violation of the contract being only a conclusion of law.

CHANCERY. The cause came on for hearing upon demurrer
to the bill at the September term, 1898, Franklin county,
before *Tyler*, Chancellor, who rendered a *pro-forma* decree
dismissing the bill. The orator appealed.

*E. A. Sowles* for the orator.

*Charles M. Wilds, Franklin R. Lawrence* and *George
Burnham, Jr.,* for the defendant.

START, J. The complainant prays for specific performance
of a contract, an accounting, and an injunction restraining
the defendant from declaring his certificate of membership
in the defendant association lapsed or forfeited. The
allegations in the bill respecting the contract are, in effect,
that the complainant, on the 4th day of April, 1892, made
an application to the defendant for membership in its
association; that the application was approved, and a
certificate of membership in the sum of five thousand dollars,
payable to Sarah P. Sowles, wife of the complainant, if
living at the time of the complainant's death, otherwise to
the executor or administrator of the complainant, was issued
and forwarded to the complainant. The material breach of

the contract on the part of the defendant, as alleged in the bill, is an increase of the amount of the annual payments from one hundred eighty and ninety-hundredths dollars to two hundred ninety-three and forty-hundredths dollars, in violation of the contract.

The bill is insufficient, in that it does not set forth the contract sufficiently to enable the court to determine whether the act of the defendant was in violation of the contract. The certificate of membership in the defendant association is referred to in the bill, and, for the purposes of the hearing before this court, by agreement of counsel, it is treated as a part of the bill; but this does not enable the court to determine what the contract was. The certificate refers to the application and makes it a part of the contract, and the application contains an agreement, or warranty, on the part of the complainant, that the constitution or by-laws of the association, with the amendments then or thereafter made thereto, together with the application, shall be a part of the certificate, or policy, that may be issued on the application. The constitution or by-laws of the association are not set forth or referred to in the bill, nor are they produced in court. There is nothing before the court from which we can say that the increase in the amount of the annual payments was not authorized by the constitution or by-laws of the association or amendments thereto, nor from which the court can determine what the contract was respecting annual payments, for a claimed breach of which the complainant seeks relief. It is true that the complainant alleges that the increase in the amount of the annual payments was in violation of the contract, but this is only a conclusion of law and shows no ground for equitable relief.

The defendant's counsel contend that the courts of this State have no jurisdiction of the subject-matter of this action. A determination of this question will be seasonable when this court has before it a bill of complaint containing

sufficient allegations to constitute a cause of action over which the courts of this, or of some other, State have jurisdiction.

*Decree affirmed and cause remanded.*