(52 Misc. Rep. 509)

### ROTH v. GOODMAN et al.

(Supreme Court, Appellate Term.   February 4, 1907.)

1. COURTS—MUNICIPAL COURTS—RETENTION OF JURISDICTION—STIPULATIONS.

A stipulation extending the time of the trial justice in an action in Municipal Court was actually made October 1st, but inadvertently dated October 2d.   Judgment was rendered October 8th.   *Held*, that jurisdiction was retained by virtue of the stipulation.

2. VENDOR AND PURCHASER—NONCOMPLIANCE WITH CONTRACT—RECOVERY OF PURCHASE MONEY.

A receipt recited that a vendor had received from a purchaser a specified sum on account of the purchase of certain premises, stated the terms of sale, and provided for the execution of a formal contract at a specified time and place.   The purchaser failed to appear at such time and place and neglected to perform the terms of the agreement.   *Held*, that he was not entitled to recover the money paid to the vendor on account of the purchase.

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Henry Roth against Max Goodman and others.   From a judgment of the Municipal Court, rendered in favor of defendants, plaintiff appeals.   Affirmed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Emanuel Klein, for appellant.
Coombs & Wilson, for respondents.

PER CURIAM.   The stipulation extending the time of the trial justice was actually made October 1st.   Inadvertently the signed stipulation was dated October 2d.   Judgment was rendered October 8th.   Jurisdiction was held by this stipulation.

Action for money had and received.   Submitted on stipulated facts. Judgment was for defendant.   By the receipt in evidence defendant received from plaintiff, on May 25, 1906, $200 as a deposit on account of the purchase by him of specified premises, with dimensions.   Price, $46,500.   Cash, $10,500.   Subject to first mortgage of $27,000, at 5 per cent., for about three years.   Purchase-money mortgage, $9,000, at 6 per cent., payable in installments, with a subordination clause and

privilege to pay off. Certificate of tenement house department to be furnished at closing of title and delivery of deed. Party wall on one side. More formal contract to be drawn Monday, May 28, 1906, at 1 to 2 p. m., at the office of defendants' attorneys. Commission $465, $200 to purchaser, $165 to Mr. Raver, and $100 to one Deutsch. $800 more to be paid on said day. Deed to be delivered between June 15 and 20, 1906. It would seem that said receipt was an enforceable con-. tract for the sale of real estate. It is conceded that the plaintiff failed to appear at the time and place named for the execution of the formal contract provided for in the receipt, and "has neglected to carry out and perform the terms of said agreement between the plaintiff and defendant as embodied in said receipt." Under such circumstances, the plaintiff cannot recover Abramowitz v. Gray (Sup.) 98 Supp. 1096, and the judgment must be affirmed.

Judgment affirmed, with costs.

DAYTON, J.(dissenting). The stipulation extending the time of the trial justice was actually made October 1st. Inadvertently the signed stipulation was dated October 2d. Judgment was rendered October 8th. Jurisdiction was held by this stipulation.

Action for money had and received. Submitted on stipulated facts. Judgment was for defendants. By the receipt in evidence defendants receive from plaintiff, on May 25, 1906, $200 as a deposit on account of the purchase by him of specified premises with dimensions. Price, $46,500. Cash, $10,000. Subject to first mortgage of $27,000, at 5 per cent., for about three years. Purchase-money mortgage, $9,000, at 6 per cent., payable in installments, with a subordination clause and privilege to pay off. Certificate of tenement house department to be furnished at closing of title and delivery of deed. Party wall on one side. More formal contract to be drawn Monday, May 28, 1906, at 1 to 2 p. m., at the office of defendants' attorneys. Commission, $465, $200 to purchaser, $165 to Mr. Raver, and $100 to one Deutsch. $800 more to be paid on said day. Deed to be delivered between June 15 and 20, 1906. It would seem that said receipt was an enforceable contract for the sale of real estate. It contains no forfeiture, nor does it appear that either party was at fault, unless by the mutual neglect to execute a more formal document, which was not prepared, and which was not a necessity. Certainly the time within which performance was required had not expired when this action was brought. The stipulation that defendants attended at the time and place and were ready and willing to carry out the terms and conditions of said contract, and that plaintiff has neglected to carry out said contract, does not entitle the defendants to forfeiture, and there is no suggestion that the defendants have suffered damage.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.