(121 App. Div. 285)

### BALLEISEN et al. v. SCHIFF.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

1. ELECTION OF REMEDIES—INCONSISTENCY OF ALTERNATIVE REMEDIES.

    An action at law for damages for the breach of a contract and an action in equity for specific performance are both based on the contract and the promisor's default, and are not inconsistent remedies.

2. SPECIFIC PERFORMANCE — HEARING — DISMISSAL — JURISDICTION — COUNTERCLAIM.

    Where, in an action for specific performance of an executory contract to buy land, the defendant set up a counterclaim, alleging that the plaintiff was in default, and asked for a return of his deposit and for damages, the plaintiff, by withdrawing his demand for specific performance, did not oust the court of jurisdiction to try the issue raised by the defendant's counterclaim.

3. SAME—WAIVER OF DEFAULT.

    The plaintiff, by withdrawing his demand for specific performance, did not waive defendant's default, which was the basis of his right to recover.

4. JUDGMENT—NATURE AND ESSENTIALS—EVIDENCE TO SUPPORT JUDGMENT.

    In an action for specific performance, where, after defendant had filed a counterclaim, plaintiff withdrew his demand for relief, it was error for the court to render judgment on the counterclaim without hearing any proof to support it.

Appeal from Special Term, Kings County.

Action by Wolf Balleisen and others against Moses Schiff. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial granted.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Jacob W. Kahn, for appellants.
Herman S. Bachrach, for respondent.

MILLER, J. The plaintiff, as vendor, brought this action to compel specific performance of an executory contract of purchase and sale of real property, alleging a breach on the part of the defendant. The defendant set up a counterclaim, alleging that the plaintiff was in default, and asking for a return of his deposit and for damages. On the trial the plaintiff, having previously sold the property, withdrew his demand for specific performance, and the court, without taking any proof on the question of which party was first in default, gave the defendant judgment for the amount of his deposit, on the theory that the commencement of the suit for specific performance was a recognition of the existence of the contract, and that the sale

of the property thereafter was a rescission, which gave the defendant the right to a return of his deposit.

It must be assumed on this appeal that the defendant was in default when the action for specific performance was brought, and, unless the commencement of that action was a waiver of such default, the defendant was not entitled to a return of the money paid on the contract, because it is unnecessary to cite authority upon the proposition that a party cannot make his own breach of an executory contract a basis for the recovery of the money paid by him pursuant to it. The respondent contends that upon the breach by the defendant the plaintiff had his election of two inconsistent remedies, to wit: (a) An action at law for damages for the breach of contract. (b) An action in equity for specific performance—and that the election, once made, was irrevocable, and waived the defendant's default. The difficulty with this argument arises from the fact that the action for specific performance and the action for damages are both based on the contract and the defendant's default. They are, therefore, not inconsistent. If one stood on the affirmance of the contract, and the other on a disaffirmance, the situation might be different; but the action for damages for the breach is on the contract (Kranz v. Lewis, 115 App. Div. 106, 100 N. Y. Supp. 674), and the plaintiff might have asked in the same complaint in the alternative for specific performance or for damages (Miles v. Dover Furnace Iron Co., 125 N. Y. 294, 26 N. E. 261). By bringing the action in equity, he merely submitted himself to the jurisdiction of equity, and by withdrawing his demand for relief he could not oust the court of jurisdiction to try the issue raised by the defendant's counterclaim; but it cannot be said that he waived the default which was the basis of his right to recover.

The course of the trial left the defendant the opportunity to prove his counterclaim, if he could; but the court, without any proof whatever, could not give judgment, and for this reason a new trial must be had.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.