## No. 10,645.

### WEDDINGFELD *v.* GREGERSEN, ET UX.

Decided July 2, 1923.

Action for damages.    Judgment of disimssal.

*Reversed.*

*On Application for Supersedeas.*

1.  REMEDIES—*Election.* The remedy of specific performance is not inconsistent with the remedy of an action for damages for breach of contract where both are based on the affirmance of the contract, and where a party brought an action for specific performance, he was not barred from amending his complaint by asking for damages for breach of the contract.

2.  PLEADINGS—*Amendments.* Substantial rights should never be sacrificed to mere forms, and amendments should at all times be liberally allowed when they do not lead to surprise and injury.

3.  WORDS AND PHRASES—*"Legal" and "Equitable"* do not apply so much to causes of action, as they do to forms of action.

4.  ACTIONS—*Legal and Equitable—Amendments.* If the cause of action is the same in an amended complaint as in the original, the amendment is allowable, even if the action is changed from a legal to an equitable one, or vice versa.

5.  PLEADINGS—*Prayer.* The prayer for relief is no part of the cause of action, and merely changing the remedy sought is not changing the cause of action.

*Error to the District Court of Alamosa County, Hon. Jesse C. Wiley, Judge.*

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. JESSE STEPHENSON, Mr. JOHN T. ADAMS, for defendants in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause was before us on a former occasion. We reversed a judgment which had been granted to the plaintiff upon the pleadings. It was then a suit for specific performance of a contract concerning land. *Gregersen v. Weddingfeld,* 70 Colo. 494, 202 Pac. 709.

After remittitur was sent to the court below, plaintiff, by leave of court, filed an amended complaint. This new complaint set forth substantially the same facts contained in the original complaint. But instead of seeking specific performance, the prayer was for damages for the breach of contract.

A motion to strike was interposed on the ground that plaintiff had elected, by the filing of the original complaint, the remedy of specific performance, and that, therefore, he is barred from pursuing the remedy afforded by an action for damages. The motion was sustained, and plaintiff refusing to proceed on the original complaint, the cause was dismissed. Plaintiff brings the case here for review, and assigns as error the striking of the amended complaint. The cause is before us on his application for a supersedeas.

The ground of the motion related to the doctrine of election of remedies. The doctrine has no application here because the remedy of specific performance is not inconsistent with the remedy of an action for damages for breach of contract. *Balleisen v. Schiff,* 121 App. Div. 285, 105 N. Y. Supp. 692. Both remedies are based on the affirmance of the contract. 20 C. J. 12, 15. If the doctrine did apply, it might well be held that the filing of the original complaint did not constitute an irrevocable election. 20 C. J. 35. It was error to sustain the motion on the ground indicated.

The record shows, however, that the theory of the trial court in sustaining the motion to strike was that the amended complaint changed the action from an equitable to a legal one, and that an amendment having this effect cannot be allowed.

It is true that this court has held that a plaintiff may not under the guise of an amendment to a complaint change a cause of action as stated in the original complaint from a legal to an equitable one. *Thompson v. White,* 25 Colo. 226, 54 Pac. 718. The converse of the rule would be equally true. However, in the recent case of *Green v. Davis,* 67 Colo. 52, 185 Pac. 369, we said that the rule fails whenever the reason for it ceases, and that the reason for the rule was stated in *Givens v. Wheeler,* 6 Colo. 149, as follows: "The defendant finds himself in court to answer a charge concerning which he has never been summoned."

In the Davis case we mentioned approvingly a rule which would permit amending a complaint for equitable relief so that it would seek a legal remedy, citing *Blood v. Fairbanks,* 48 Cal. 171, and quoting the following from *Sellar v. Clelland,* 2 Colo. 532: "Substantial rights should never be sacrificed to mere forms, and amendments should at all times be liberally allowed when they do not lead to surprise and injury."

The amendment in the instant case does not lead to surprise or injury, because the defense set up in the answer was, in substance, the non-existence of a bonding contract, and such defense is as applicable to the cause of action alleged in the amended complaint as to that contained in the original complaint. The same cause of action is stated in each complaint.

The proposed amendment in the instant case was allowable under the reasoning of this court in the Davis case. The rule stated in the earlier case of *Thompson v. White, supra,* to the effect that a cause of action cannot be changed from a legal to an equitable one, or vice versa, has some qualifications. Under certain circumstances, such a change

may be made. At the outset, it should be observed that the terms "legal" and "equitable" do not apply so much to causes of action as they do to forms of action. Forms of action, rather than causes of action, are classified into legal and equitable.

If the cause of action is really the same in the amended complaint as in the original complaint, the amendment is allowable, even if the action is changed from a legal to an equitable one, or vice versa, for the reason that the defendant after having been summoned to answer the cause of action stated in the original complaint, is not compelled, by reason of the amendment, to answer a different charge, but only the same one. The prayer for relief is no part of the cause of action, and merely changing the remedy sought is not changing the cause of action.

Consistent with this view is the case of *Rohrbach v. Hammill*, 162 Iowa 131, 143 N. W. 872, where it was held that a plaintiff may so amend as to change an action for specific performance to one for the breach of contract. That is precisely what plaintiff sought to do in the instant case.

In most code states, changes by amendment from equitable to legal proceedings are allowed, if the facts relied on are the same in both pleadings. 31 Cyc. 432.

Section 81 of the Code of 1921 which concerns the power of amendment given to the court is practically the same as, if not identical with, section 723 of the Code of New York, referred to in *Deyo v. Morss*, 144 N. Y. 216, 39 N. E. 81. In that case the court said that this section of the code is entitled to a liberal construction, and "The power of the court to grant or deny relief, or to impose such terms as justice may seem to require, is an adequate protection against an oppressive exercise of the power. To deprive the court of this power would, in many cases, result in injustice and encourage litigation."

It was there also stated that whether an amendment of a pleading shall be allowed is, in general, a matter of discretion in the court. The matter of discretion is not involved in the instant case, since the court struck the

amended complaint solely on the ground that it held itself to be without power to allow the amendment.

Under the authorities above cited, and the reasoning therein contained, we hold that it was error to sustain the motion to strike; in other words, that the trial court was in error in holding that the proposed amendment, as embodied in the amended complaint, was not allowable.

The judgment is reversed and the cause remanded with directions to reinstate the amended complaint.