## No. 11,558.

### McCart *v.* Johnston, et al.

Decided April 26, 1926.

Action for specific performance and damages.    Judgment for plaintiffs.

#### *Affirmed.*

#### *On Application for Supersedeas.*

1.  Remedies—*Specific Performance—Damages.*  In an action for specific performance, damages for breach of contract may be allowed where specific performance cannot be awarded, if the complaint contains the proper allegations therefor.

2.  Contract—*Specific Performance—Rescission.*  In an action for specific performance of a contract for the sale and purchase of land, record reviewed and held not to show that the contract was abandoned or rescinded.

3.  Pleading—*Review—Answer.*  Where in an action for damages for breach of contract, defendant's demurrer to the complaint is overruled and he elects to stand, being in default, the reviewing court declines to grant him leave to answer.

*Error to the District Court of Sedgwick County, Hon. L. C. Stephenson, Judge.*

Mr. H. N. Marshall, for plaintiff in error.

Messrs. Rolfson & Hendricks, for defendants in error.

*Department Three.*

Mr. Justice Sheafor delivered the opinion of the court.

Action brought by Johnston and Wagner against McCart asking for specific performance of contract and

damages. The defendant demurred, which was over-ruled, and electing to stand by his demurrer, judgment was rendered for plaintiff. Defendant brings the case here for review and applies for a supersedeas. We will here designate the parties as in the trial court.

The complaint alleges in substance that the plaintiff Johnston, being the owner of certain real estate on the 1st day of March, 1922, entered into an agreement on that date with the defendant McCart, by the terms of which the plaintiff sold to defendant the said real es-state for the sum of $12,800, which sum defendant agreed to pay to plaintiff therefor. By the terms of the agree-ment defendant was to pay $500, which he did pay, at the time of the execution of the agreement. The re-mainder of the consideration was to be paid in install-ments, the first one thereafter to be paid June 1, 1922, the second to be paid January 1, 1923, when plaintiff was to execute a warranty deed to defendant, and defendant to execute to plaintiff notes and a mortgage on the prem-ises to secure the residue of the consideration, deferred payments to bear 6 per cent interest. All taxes were to be paid by plaintiff up to March 1, 1922, and on that date defendant went into possession of the premises. The property was sold subject to a lease which would expire March 1, 1924.

The complaint then alleges: "That thereafter and on or about the 1st day of December, 1922, the said de-fendant surrendered possession of the said premises to the said plaintiff, W. H. Johnston; that the plaintiff W. H. Johnston thereupon and thereafter received and collected the rents from said premises, at the request and with the consent of the defendant, up to about the 1st day of March, 1925, as hereinafter more fully set forth. That the said plaintiff paid during said time all of the taxes levied against said premises, as more par-ticularly hereinafter alleged." The complaint then al-leges in substance that on the 28th day of January, 1925, the plaintiff, believing that the defendant had abandoned

the contract, and defendant having failed, neglected and refused to perform the same in accordance with its provisions, entered into a contract in writing with his co-plaintiff, J. C. Wagner, whereby he sold the premises to Wagner. His contract with Wagner is set out in full in the complaint. The consideration to be paid by Wagner to Johnston for the premises was $9,000, to be paid in installments. It was further agreed in plaintiff's contract with Wagner, "That the said premises are rented for the season of 1925 on a rental basis of one-third of the crops raised, which lease said party of the second part (Johnston) agrees to immediately assign to said party of the first part. The intention being to make clear the fact that the sale of these premises is subject to a lease as aforesaid, and that said lease shall be assigned to party of the first part." The complaint then further alleges, "That on or about the 1st day of July, 1925, the plaintiff, W. H. Johnston, learned that the defendant was making claim to the rents and profits of said premises for the year 1925; that thereafter the said defendant collected rent for said premises, the exact amount of which is unknown to said plaintiff, but said plaintiff is informed and believes, and upon such information and belief alleges that he has received as rents to this time the sum of $719.36. That having theretofore asserted his right to the possession on or about the 24th day of July, 1925, the defendant of said premises by claiming and collecting the rents and profits therefrom, the plaintiffs, W. H. Johnston and J. C. Wagner, in writing notified the defendant that he would be required to perform his said contract with the plaintiff, W. H. Johnston, within ten days from said date, and in said notice in writing the said plaintiffs offered to convey to him, the said defendant, said premises upon his compliance with the terms of said agreement." The notice is set out in haec verba. The notice in substance was a demand upon defendant to make payments of the defaulted installments and to execute notes

and mortgage according to the agreement. By the terms of the notice they offered to make conveyance of the land as provided by the terms of the contract, and Wagner offered to release his interest and consented that a conveyance might be made by Johnston in accordance with the terms of the contract with McCart. The complaint further alleges that Johnston had been ready, able and willing at all times to perform his part of the agreement upon payment by defendant of the amounts stipulated in the agreement and the execution of the notes and mortgage, and that he at the time of the commencement of the action was ready, willing and able to convey the premises to the defendant by good and sufficient deed; that Wagner also was ready, able and willing to execute a quitclaim deed for his interest in the property.

The complaint then sets forth the taxes paid by plaintiff for the years 1922, 1923 and 1924, and the rents collected by him for those years. The complaint further alleges that if defendant failed to perform the contract the plaintiff would be damaged in the sum of $3,800 by reason of the decline in the value of the premises, and set forth the value of the premises to be $9,000 on the 3rd day of August, 1925.

The plaintiff prayed for specific performance of the contract with defendant and for damages in the sum of $3,800.

The court, after hearing plaintiff's evidence, rendered judgment that plaintiff's contract with defendant be specifically performed; that defendant make the payments and execute the notes and mortgage called for by the contract, on or before three months from date of the decree, October 27, 1925; that upon compliance upon the part of defendant, with the order of the court, the plaintiffs deliver to defendant deeds conveying to him plaintiffs' interest in the premises.

The court further ordered, that upon the failure and default of defendant to comply with the order of the

court, within the time mentioned, the plaintiff should have a judgment against defendant for the sum of $4,090.07, with interest, as plaintiff's damages for breach of contract.

The contentions of the defendant are, that the complaint shows a want of equity existing at the time of the commencement of the action, and that the action was brought only for the purpose of assessment of damages, which could be obtained in an action at law, and therefore specific performance could not be decreed; that the complaint shows that the contract was mutually rescinded by the parties and therefore there could be no specific performance, no allowance for damages, and that this is so because the plaintiff entered into the possession of the premises, collected the rents, paid the taxes, and more than two years after the contract with defendant, plaintiff sold the premises to Wagner; that thereafter the plaintiffs, or one of them, continued in possession of the premises up to at least the 1st day of July, 1925; that the act of defendant in collecting the rental would constitute trespass or conversion and could not be construed as a re-entry or a claim to the property itself; that such act was not sufficient to revive the contract.

Defendant asks that, if this court finds that specific performance should not have been decreed, and that the trial court properly retained the case for the assessment of damages, then that he be allowed to answer the complaint as to that feature.

It is well settled by the decisions of this court that in an action for specific performance, damages for breach of contract may be allowed where specific performance cannot be awarded, if the complaint contains the proper allegations therefor. *Weddingfeld v. Gregersen,* 73 Colo. 582, 216 Pac. 1053; *Hoehne Ditch Co. v. John Flood Ditch Co.,* 76 Colo. 500, 504, 233 Pac. 167.

In the latter case the question was very thoroughly and ably discussed, and the authorities cited, by Mr. Justice Campbell who rendered the opinion of the court.

It is possible that the plaintiff by reason of the various acts, or some of them, mentioned in the complaint, waived his right to specific performance of his contract with defendant, but it is not necessary to determine that question. We do not think the contract was abandoned or rescinded. There is no allegation in the complaint expressly showing rescission, and from the facts stated we do not think rescission can be implied. There could have been no reason for defendant collecting the rents, which it is admitted he did collect and receive, except upon the theory that he believed he had a right to them as purchaser of the premises from Johnston. By that act he recognized the existence of the contract. Had it been the intention of the parties to abandon the contract, the most natural, reasonable and proper thing would have been for the parties to have had some understanding of that kind, and an adjustment of the matters arising out of the contract.

It is unneccessary to discuss the question of the sufficiency of the complaint as to specific performance. While the record does not show, the plaintiff in his brief says, that defendant did not, within the time fixed by the court, comply with the order of the court as to specific performance, and that judgment has already been entered against him for damages for breach of the contract; this statement meets with no denial by defendant. We need not act upon the knowledge thus conveyed, but we think we may assume that such is the fact, and whether true or not, is immaterial. The complaint sufficiently alleged a cause of action for damages for breach of the contract, and the demurrer was properly overruled. The defendant having elected to stand by his demurrer, and being in default, we are not warranted in granting him leave to now answer the complaint. The judgment should therefore be affirmed.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.