No. 11,820.

The Maccabees *v.* Stone.

Decided April 9, 1928. Rehearing denied June 4, 1928.

Mr. George P. Steele, Mr. John E. Owen, for plaintiff in error.

Mr. W. D. Wright, for defendant in error.

*Department Two.*

Mr. Justice Walker delivered the opinion of the court.

Plaintiff in error, The Maccabees, was defendant, defendant in error Stone was plaintiff, in the trial court. A demurrer to the complaint was overruled, the defendant stood upon its demurrer, and judgment was rendered for plaintiff, to which judgment this writ of error is prosecuted.

The Maccabees, which is a Michigan corporation, is a fraternal beneficiary association, and was formerly known as the Knights of the Maccabees of the World. In 1896 it issued, under the latter name, a benefit certificate to the plaintiff Stone, in the sum of $3,000, payable, by assessment on the membership, to his wife, upon his death. In 1904, a rider was attached to the original certificate, in the form of an application and election by Stone to change to what was called the "Whole Life Plan" of insurance. This action was based upon the certificate and rider, and was to procure relief or redress from a law enacted by the order in 1923, increasing the rate of assessment upon plaintiff and others in his class,

from $6.90 to $37.80 per month. This increase the plaintiff alleged to be in violation of his contractual rights under the certificate of 1896 as modified by the rider of 1904. In his complaint he prayed only for injunctive relief, to compel the acceptance by the defendant of the $6.90 rate, and to restrain defendant from forfeiting the insurance and from continuing his suspension from membership by reason of his refusal to pay the increased rate. After the demurrer was overruled, the plaintiff presented and obtained a decree which gave him no equitable relief, but awarded him a money judgment against the defendant in a sum representing the payments made by him since 1904, with interest thereon.

The defendant contends here that the complaint was insufficient because the plaintiff, as a member of the order, had no contractual right to the maintenance of the rate of 1904, as against a new rate established by by-law, and that the complaint also showed a lack of jurisdiction to grant the equitable relief, for which only it was framed, because the injunctive orders would be incapable of enforcement against the officers of the defendant foreign association, and would constitute an interference with its internal affairs. Defendant further contends that the money judgment was beyond the allegations of the complaint, and was, in any event, calculated upon an erroneous measure of damages. Plaintiff, on the other hand, maintains that the rider of 1904 above mentioned, constituted a new contract for a fixed and unchangeable rate during the remainder of plaintiff's life, and that the complaint was broad enough to warrant the money judgment, which he says proceeded upon the right measure of damages.

We have stated the contentions advanced by the parties, but, in our opinion, there is an insuperable obstacle to the making of rulings thereon by this court. The first essential to their consideration would be the presence in the record of the contract between the plaintiff and the defendant. If that is not sufficiently shown, the com-

plaint was defective, and it would be futile to consider the subsequent proceedings thereon. We think the complaint is radically insufficient in this respect. It is well settled that the insurance contract between a beneficiary society and a member thereof is to be found in the statutes of the state in which the association is chartered and under which it issues its certificates, the charter thereof, the constitution and the laws of the order, as well as the terms of the certificate and the application therefor. *Finnell v. Franklin*, 55 Colo. 156, 134 Pac. 122; *Rose v. Brotherhood*, 80 Colo. 344, 251 Pac. 537, 52 A. L. R. 381; *Clark v. Reserve Fund Life Association*, 14 A. C. (D. C.) 154; Bacon on Benefit Societies, Vol. 1 (3rd Ed.), page 307. In a suit like the instant one, where the gravamen of the complaint is an increase in rates alleged to be wrongful and in violation of vested contract rights, the complaint must show the terms of the contract as found in the sources above mentioned. If it does not do so, the court cannot say whether the rights of the plaintiff have been violated or the powers of the defendant exceeded, and so the complaint would show no title to relief. This results from elementary considerations applicable to all actions upon contracts, but we find that it has been specially applied in actions like the present, in the case of *Clark v. Mutual Reserve Fund Life Association, supra,* and *Sowles v. Mutual Reserve Fund Life Association,* 71 Vt. 466, 45 Atl. 1045, where the reasons for the requirement are fully set forth.

The complaint of the plaintiff Stone sets forth the original certificate of 1896, and the so-called rider or application and election of 1904. Under the express terms of the original certificate, the insurance is payable to Stone's beneficiary, "provided he shall have in every particular complied with the laws of the order now in force or that may hereafter be adopted." It also makes the application a part of the certificate, and makes reference to certain special provisions of the laws which apparently govern the rate to be paid under the original

certificate. The application and election of 1904 does not purport to be a complete statement of the contract. Indeed, it contains no promise to pay, by the association, which is found only in the original certificate. It sets forth only sections 329 and 330 of the laws of the order. In his complaint the plaintiff alleges nothing to show the contents of the application for membership referred to in the original application. Except for an allegation concerning a provision for old age benefits (which he says he waived in consideration of the modification of 1904), the plaintiff makes no attempt whatever to plead the charter, constitution or laws of the order, or the applicable statutes of the state of Michigan. It is apparent, therefore, that the terms of the agreement are not adequately presented by the complaint, and this deficiency cannot be supplied by the pleading of conclusions or of plaintiff's construction of the engagements of the contracting parties.

We, therefore, must hold that the complaint did not state a cause of action, and the demurrer, although urged for other reasons, should have been sustained. Plaintiff should, however, have leave to amend his complaint as he may be advised, and as he has manifested an intent to seek a money judgment only, we may say that, in view of our holdings in *Hoehne Ditch Co. v. John Flood Ditch Co.*, 76 Colo. 500, 233 Pac. 167 and *Weddingfeld v. Gregersen*, 73 Colo. 582, 216 Pac. 1053, the amendment may, if plaintiff so elects, include appropriate allegations for legal relief by way of damages.

The judgment is reversed, and the cause is remanded, with directions to sustain the demurrer to the complaint, with leave to plaintiff to amend as he may be advised.

MR. JUSTICE WHITFORD, sitting for MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.