JOSEPHINE KARATONE, an Infant, by ANGELINA KARATONE, Her Guardian ad Litem, Respondent, v. CLAUDE W. LANDERS, Appellant.— Order setting aside verdict and granting a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ.

ELLEN T. KELLY, as Administratrix, etc., of JOHN W. KELLY, Deceased, Respondent, v. HENRY BLUM, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ.

AUGUST KIMMERLE, on Behalf of Himself and All Other Residents or Property Owners Similarly Situated in the Village of Sea Cliff, Respondent, v. VILLAGE OF SEA CLIFF, Appellant.— Order granting extra allowance of $250 modified by reducing said allowance to $50, being five per cent of the damages recovered (*Williamsburgh City Fire Ins. Co.* v. *Central New England R. Co.*, 202 App. Div. 813; affd., without opinion, 235 N. Y. 582), and judgment accordingly modified; and as so modified the judgment and order are unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ.

WILLIAM J. KOSKY, Respondent, v. WOJCIECH BOROWKO and MARY BOROWKO, Appellants.— Order denying motion to dismiss complaint and cancel *lis pendens* reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The action is for the specific performance of a contract whereby respondent agreed to convey to appellants certain real property in exchange for other real property of the appellants. Since the commencement of the action the respondent disposed of the real property which he had so contracted to convey to appellants. By this conveyance respondent has placed himself in such position that he cannot now comply with the terms of the contract which he seeks in this action specifically to enforce. He must for that reason be considered to have abandoned the contract. It is inequitable to enforce a contract at the instance of a party who has voluntarily placed himself in such position that he himself cannot comply with it. Kapper, Seeger and Scudder, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote to affirm upon the ground that there is no proof that the property is beyond respondent's control and that he cannot be vested with the title for the purpose of carrying out his contract when the case is reached for trial.

MARY LARKIN, Appellant, Respondent, v. AUDLEY CLARKE COMPANY, Respondent, Appellant, and GEORGE CLARKE, Defendant.— Order granting a new trial unanimously affirmed, costs to abide the event. We affirm, not because we regard the verdict as excessive, but because we think the verdict as to the liability of defendant is against the fair weight of the credible evidence. Present — Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ.