GLEN MORABITO, an Infant, by JOHN A. MORABITO, His Guardian ad Litem, Respondent, v. MARTIN SOLOMON, Appellant.— Appeal from an order denying defendant's motion for leave to file *nunc pro tunc* a demand for a jury trial. Order reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, without costs. The facts show that there was no intention to waive a jury trial. It is not disputed that the demand for a jury was timely served and that only an office error prevented its being filed with the County Clerk. (*Schwartz* v. *Sunlight Apts.*, 274 App. Div. 901.) Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.

∎

DAVID W. PRICE, Respondent, v. BENJAMIN J. KLINE, Appellant.— In an action by a vendor for specific performance of a contract for the purchase of real property, the defendant vendee appeals from an order which denied his motion, pursuant to rule 113 of the Rules of Civil Practice, to dismiss the plaintiff's complaint on the ground that, pending the action, the plaintiff had conveyed the property to a third party. Order reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs. Plaintiff sued in equity to compel defendant to perform his contract. By a conclusory statement, in his complaint, he claimed to have suffered damages incidental to, and consistent with the relief which he sought in equity, by way of specific performance. No facts were stated in his complaint, in addition to those pleaded in support of his prayer for equitable relief, which would have given rise to a legal liability (cf. *Saperstein* v. *Mechanics & Farmers Sav. Bank*, 228 N. Y. 257), nor did he demand equitable relief, or damages at law, in the alternative. (Cf. *Margraf* v. *Muir*, 57 N. Y. 155, and *Balleisen* v. *Schiff*, 121 App. Div. 285.) By the alienation of the property which he had agreed to convey to defendant, he has placed himself in such position that he cannot now comply with the terms of the contract which he seeks to enforce. Plaintiff may have no relief in equity, nor may he, in this action, subject the defendant to damages for not receiving that which he can not now convey. (*Cohen* v. *A. F. A. Realty Corp.*, 250 N. Y. 262; *Bossert* v. *Rice*, 231 App. Div. 861; *Kosky* v. *Borowko*, 224 App. Div. 764.) Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ., concur.