Eager, J.
The action is to recover the sum of $500 paid by the plaintiffs on account of the purchase price for certain real property owned by the defendants. The agreed price of the sale was $28,750. There was a written preliminary or hinder agreement, duly signed by the parties on or about April 26,1954, with provision therein for a further cash payment “ on signing of superceding contract ” and provision for preparation of a formal contract to be delivered to the broker for the signature of the parties. The preliminary agreement provided for the closing *353 of title on or before June 15, 1954, at a date, "time and place to be agreed upon. No formal contract war ever entered into because of intervening facts.
A formal contract was duly prepared by the attorneys for the defendants and forwarded to the attorneys for the plaintiffs. It was agreeable to the latter except as to the date provided for closing. The plaintiffs refused to sign on the ground that they would be unable to purchase the real property owned by the defendants unless the date of closing could be adjourned until October 15, 1954, or later. The defendants, through their attorney, took the position that a reasonable adjournment would be granted but that an adjournment to October 15th was out of the question. The attorneys for the plaintiffs thereupon stated that they would not be in a position to complete the purchase of the property and could not, therefore, sign the formal contract.
On or about June 1, 1954, the defendants contracted to sell the property to a third party for the price of $27,000. On June 4th, three days after the contract with the new purchaser was entered into, the attorney for the plaintiffs called to find out whether the property was still available. When informed that a contract to sell the property had been entered into with another party, he requested the return of the binder deposit of $500, which request was refused. The defendants, on or prior to June 15, 1954, conveyed the property to the third party. Thereupon this suit was brought, the complaint setting forth two causes of action; the first, to recover back the down payment of $500 on the theory the defendants breached the contract on refusal to perform following the sale to the third party, and the second, to recover back such payment because of the alleged failure of the agreement to meet the requirements of the Statute of Frauds. The defendants, by their answer, counterclaim to recover $1,750 as damages, being the amount of the difference between the two selling prices.
Defendants move for summary judgment, and plaintiffs cross-move for the same relief.
Motion by defendants for summary judgment granted to the extent of dismissing the complaint on the merits and the motion is otherwise denied. The cross motion by plaintiffs is granted to the extent of dismissing defendants’ counterclaim but is otherwise denied.
Clearly, the plaintiffs may not recover back the down payment made by them on the signing of the binder agreement. The plaintiffs failed and refused to comply with the provisions *354 of such agreement calling for the execution by them of a formal contract with a further payment on account of the purchase price at the time of the signing of the formal contract. As noted aforesaid, a formal contract was prepared for their signatures but they refused to sign it and make the additional down payment unless it was modified to unreasonably postpone the date for closing. Their failure and refusal to perform in accordance with the terms of the binder agreement, whether or not it amounted to a repudiation thereof by them, bars a recovery back by them of the down payment. “ It is fundamental that a recovery of a down payment on an executory contract cannot be had either at law or in equity at the suit of a vendee who has refused or neglected to perform. (Page v. McDonnell, 55 N. Y. 299; Beveridge v. West Side Construction Co., 130 App. Div. 139, 144.) ” (Smith v. Treuthart, 130 Misc. 394, 395. See, also, Roth v. Goodman, 52 Misc. 509; also Rubinger v. Rippey, 201 Misc. 135, 136, citing to this effect Waldman v. Greenberg, 265 App. Div. 827, affd. 289 N. Y. 769, and Misam Realty Corp. v. Breslau, 81 N. Y. S. 2d 721.) A doctrine which would permit a party to recover back money paid upon an executory contract which he on his part had neglected or refused to perform is not sanctioned at law or in equity. (Havens v. Patterson, 43 N. Y. 218, 223.) And it is immaterial whether or not the binder agreement complied with the requirements of the Statute of Frauds, for it is clear that noncompliance with such requirements may not be successfully urged as a ground for a recovery back by a willfully defaulting vendee of his down payment. A court will not tolerate a plea of the statute as ground for affirmative relief to a willful defaulter. (See Keystone Hardware Corp. v. Tague, 246 N. Y. 79, 83; Collier v. Coates, 17 Barb. 471; Schaefer v. Steuernagel, 114 Misc. 546, and Meyer v. Le Mieux, 110 N. Y. S. 2d 689.)
The defendants’ sale of the property prior to the day set for closing does not, in my opinion, alter the case and confer a right upon plaintiffs to recover back the down payment. Generally, where the breach by a vendee of an executory contract is accompanied by circumstances or words showing an actual intent on his part to abandon performance, a subsequent sale of the property by the vendor to a third party will not render him liable to return to the vendee the down payment. (See Ketchum & Sweet v. Evertson, 13 Johns, 359, 364, 365; Latorence v. Miller, 86 N. Y. 131; Matter of De Stuers, 199 Misc. 777, and 2409 Broadway Corp. v. Lange, 128 Misc. 118.) Upon refusal of the plaintiffs here to make the further down payment and to sign a formal *355 contract as agreed, the defendants were at liberty to consider the contract at an end and to proceed to resell the property. The defendants were entitled to take plaintiffs at their word that they would not be able to take and pay for the property within the time agreed upon, or within a reasonable time thereafter. It would be most unreasonable and unjust to require defendants to hold the property to the closing date without the benefit of the formal contract and the additional payment down as agreed upon. In fact, to hold for the plaintiffs would be tantamount to the court’s disregarding material provisions of their agreement.
On the other hand, the defendant vendors have no case for damages. Their position in effect was that the agreement was abandoned and at an end. Upon being notified that the plaintiffs would not sign the formal contract, defendants’ attorney, according to his affidavit, said to plaintiffs’ attorney that “ I (defendant’s attorney) did not believe there was anything further that could be done and he (plaintiffs’ attorney) acquiesced in this conclusion.” Thereupon, defendants forthwith proceeded to contract to and did convey the premises to the third party. This was done prior to the expiration of the time set in the binder agreement for closing. The defendants thereby placed themselves in a position whereby they were unable to perform on their part. They must be considered to have abandoned the contract. (See Kosky v. Borowko, 224 App. Div. 764.) Thus, they may not recover damages. (See, further, Price v. Kline, 278 App. Div. 657, and Booth v. Milliken, 127 App. Div. 522, affd. 194 N. Y. 553.)
Submit order on notice.