G-eokge M. Fanelli, J.
In this consolidated action, plaintiff moves for summary judgment (Buies Civ. Prac., rule 113) striking out defendants’ answer and dismissing the counterclaim interposed by the defendant in the action (hereinafter referred to as action No. 1), and for a further order of summary judgment dismissing the complaint in the action (hereinafter referred to as action No. 2).
These actions arise out of an alleged breach of an executory contract for the sale and purchase of a parcel of vacant land upon which there was to be constructed a gasoline station to be leased to The Texas Company. In action No. 1, upon causes of action for breach of contract and fraud, plaintiff purchaser seeks to recover the sum of $3,000, paid on the signing of the contract and $500 damages for legal and other expenses incidental thereto. In said action, in addition to interposing general denials, the defendant seller has counterclaimed for the sum of $40,000 as damages allegedly sustained by it as the result of plaintiff’s default in failing to perform the terms of the contract and to accept the deed. In action No. 2 the said seller seeks to recover from the plaintiff purchaser the same sum of $40,000 as damages for breach of the contract and in its prayer for relief the seller also seeks a judgment for specific performance. Both actions have been consolidated pursuant to an order of this court and in said consolidated action the purchaser is plaintiff and the corporate seller and the individual escrowee of the said down payment are named as defendants, and for all practical purposes (although the record is not too clear) it would seem that the complaint in action No. 2 has likewise now taken the role of the counterclaim.
Needless to say, in the papers submitted herein both sides charge each other with a breach of contract and, under ordinary circumstances with such a conflict in the affidavits, summary judgment would not be in order. However, the instant motion is brought on by the fact that the record indicates without dispute that after the commencement of both actions and specifi *668 cally in August, 1957, the defendant sold and conveyed the property in question to a third party. Under such factual circumstances, plaintiff urges that as a matter of law, the moment defendant sold the property it forfeited its right: (1) to retain the down payment; (2) to a judgment for specific performance; or (3) to damages for alleged breach of contract; and that this court can no longer concern itself with the merits of the case.
Thus,' the pivotal question upon which this decision hinges is whether a contract vendor, such as the corporate defendant, may retain the down payment and in addition thereto seek damages for an alleged breach of contract by the vendee, either by way of counterclaim in an action by the vendee for the return of the down payment, or by an affirmative action, if, after the commencement of either action the vendor conveys the property in question to a third party.
As heretofore stated, it is the contention of plaintiff that defendant should not be permitted to retain the money paid on account of the purchase price after he has sold the property to a third person during the pendency of the action. Moreover, plaintiff urges that not only is it entitled to a return of the down payment as a matter of law, but that defendant is now precluded from seeking damages for any alleged breach of contract and equitable relief by way of specific performance. In support of these contentions plaintiff has submitted numerous authorities all stemming from the decision of the Court of Appeals in Cohen v. A. F. A. Realty Corp. (250 N. Y. 262). Defendant, on the other hand, concedes that it sold and conveyed the property in question during the pendency of these actions to a third party and, accordingly, it has withdrawn any request for specific performance. However, it urges that if it develops at the trial that plaintiff wrongfully breached the contract of sale, then, not only is it entitled to retain the down payment but it may also seek damages by reason of said breach, either by way of the counterclaim interposed in action No. 1, or in the independent action No. 2 commenced by it and later consolidated, despite the fact that it divested itself of the property as aforesaid.
At the outset it should be noted that in its counterclaim in action No. 1, the defendant seeks no equitable relief but only damages at law. In its complaint in action No. 2, the defendant likewise seeks only damages at law and, while it is true that in the prayer for relief it did seek specific performance, nevertheless, this request is now (by consent) out of the case. The *669 law is well settled that the prayer for relief is not the determining factor with respect to the character of a cause of action set out in the complaint and' may be disregarded (see Mahoney v. Ogden, 6 A D 2d 711; Vella v. United States Fidelity & Guar. Co., 245 App. Div. 339).
The court has carefully examined the authorities relied on by plaintiff and, bearing in mind that defendant in the case at bar is not now seeking any equitable relief by way of specific performance, it is of the opinion that these cases are factually distinguishable from the present one and, consequently, are inapplicable. Cases such as Cohen v. A. F. A. Realty Corp. (250 N. Y. 262, supra); Bossert v. Rice (231 App. Div. 861); Price v. Kline (278 App. Div. 657); Kosky v. Borowko (224 App. Div. 764) cited by plaintiff, were all actions in which a vendor sought specific performance as his only relief. There can be no question but that the courts in these cases correctly held that once the vendor has put it out of his power to perform, he should not be permitted to retain the vendee’s down payment. These cases were all decided upon the theory that by the conveyance of the property to a third party the vendor has placed himself in such a position that he cannot comply with the terms of the contract which he seeks to specifically enforce. By such conduct, the courts have held that the vendor must be considered to have abandoned the contract and that it would be inequitable to enforce the contract at the instance of a vendor who has voluntarily placed himself in such a position that he cannot himself comply with it. In addition to being barred from any such equitable relief in such a case, a vendor is also precluded from seeking such damages which might he incidental to, and consistent with such equitable relief. Such damages, however, are to be carefully distinguished from damages at law. (See Price v. Kline, supra.)
In its present form, the instant actions, as consolidated, are now solely actions at law and defendant seeks, not damages incidental to and consistent with specific performance, but rather damages at law for breach of contract. Whether or not the defendant in its pleadings has set forth the proper measure of damages for breach of a contract is a matter which is not now before this court on the present motion for summary judgment. In this connection, see Hayden v. Pinchot (172 App. Div. 102).
It is fundamental that a vendee having defaulted on the closing date may not recover the down payment either in an action in equity or at law, whether or not the seller suffered *670 any damage (Mistroff v. Scar-White Homes, 281 App. Div. 844; Lawrence v. Miller, 86 N. Y. 131). On the refusal of a vendee to perform, the vendor may maintain an action for damages for breach of the contract, and the fact that after such refusal the vendor resells the land does not affect his right to maintain such an action (1 Clark, New York Law of Damages, § 214, p. 368; Hening v. Punnett, 4 Daly 543; Matter of De Stuers, 199 Misc. 777 and cases cited therein; cf. Balleisen v. Schiff, 121 App. Div. 285 and Margraf v. Muir, 57 N. Y. 155). In the case at bar, the record indicates that on the day set for the closing defendant was the owner of the property in question and allegedly was able to perform in this respect, and that it did not divest itself of said title until almost a year later and long after the commencement of these actions.
In the lig'ht of the afore-mentioned, it becomes apparent that in the resolution of the present motion, issues of fact are presented by the conflicting affidavits particularly with respect to which party was in default. Such questions of fact cannot and should not be decided summarily but must await a plenary trial. This court cannot hold that, as a matter of law, plaintiff is entitled to a return of the down payment, irrespective of the merits of the controversy, merely because after the commencement of its action defendant conveyed the property to a third party.
Accordingly, plaintiff’s motion is in all respects denied. Settle order on notice.