Saul S, Streit, J.
Motion by plaintiff for an order to be relieved of its failure to comply with the provisions of subdivision 5 of section 426 of the Civil Practice Act. In this action, for breach of an agreement, a note of issue and readiness statement were filed by the defendant on November 18,1959, at which time neither side demanded a jury. A prior motion by the plaintiff to strike the action from the calendar was deMed by Mr. *508 Justice GoiiD on December 10, 1959 on condition the examinations before trial be corrected, supplemented and executed by certain dates. On January 4, 1960 a motion by the plaintiff for leave to reargue said motion was denied without prejudice to a prompt application by the plaintiff with respect to. a jury trial. Plaintiff asserts it considered that the note of issue was improperly filed and the action would be stricken, affording plaintiff the later opportunity of filing its own note of issue and jury demand. It further asserts that plaintiff always intended to demand a jury trial, but felt it had a choice when the defendant improperly noticed the case for trial of either acquiescing in the claimed validity of the note of issue by demanding a jury trial or not acquescing by moving to strike the action from the calendar. Defendant opposes the application on the ground the plaintiff intentionally failed to demand a jury and that the inadvertence or error claimed by the plaintiff was one of law and not one of fact. Under the Civil Practice Act (§ 426, subd. 5), the court has discretion to relieve a party from the claimed waiver of his right to a jury trial, if no undue delay or prejudice to the other party would result. This discretion has been exercised where there was no intention to waive a jury trial and an office error prevented the demand from being filed with the County Clerk (Morabito v. Solomon, 278 App. Div. 657); where there was no intention to waive a jury trial and the failure to demand a jury trial was due to inadvertence of defendant’s attorney and the plaintiff was not adversely affected (Fryer v. Connors, 136 N. Y. S. 2d 573); and where the failure to demand a jury was due to excusable error and correction of such error would not prejudice the plaintiff (Prehle v. Graeme, 186 Misc. 376).
A party cannot assume that a motion to strike the action from the calendar on the ground that the note of issue has been prematurely filed will necessarily be granted. Nor does it follow that a party acquiesces in the validity of a note of issue and readiness statement by serving and filing a jury demand, where he has timely made a motion to strike the action from the calendar pursuant to the Special Rule Respecting Calendar Practice (New York County Supreme Court Rules). In the instant situation, the proper practice on the part of the plaintiff would have been to serve and file a jury demand within the time prescribed by statute.
However, the facts show that there was no intention on the part of the plaintiff to waive a jury trial and the failure to demand a jury trial was due to excusable error. The motion to be relieved from the error has been promptly made and there *509 is no showing of undue prejudice to the defendant. In the discretion of the court, the motion is granted. The plaintiff is given leave to serve and file a jury demand within 10 days from the publication hereof. Upon compliance, the action will be transferred to the General Jury Calendar among the issues filed for the December 1959 Term.