HAVELOCK ROBERTSON, Respondent, v. UNITED PLASTERING, INC., Defendant-Appellant, and Third-Party Plaintiff-Appellant. JON WAL CON-STRUCTION Co., Third-Party Defendant-Respondent.—

The record indicates that plaintiff noticed the action for trial for the May 1960 Term. The note of issue which was served and filed at that time demanded a jury trial. However, plaintiff paid to the Clerk the fee only for a note of issue but not for a jury trial and consequently the action was placed on the Nonjury Calendar. The instant motion was brought

on by order to show cause when said defendant discovered that the action had appeared on the Day Calendar for trial in a nonjury part of the court. There is an absence of any act or omission by said defendant which indicates an intention to waive its right to a jury trial. Subdivision 5 of section 426 of the Civil Practice Act gives the court discretionary power to allow a party to file a jury demand *nunc pro tunc* where the facts show no intention to waive the jury and where the failure to demand the jury is excusable (*Schwartz* v. *Sunlight Apts.*, 274 App. Div. 901; *Morabito* v. *Solomon*, 278 App. Div. 657). Placing the action now on the jury calendar with the other issues filed for the May 1960 Term, will not prejudice the plaintiff in any greater degree than if the jury demand had been served and filed and the jury fee paid within the time prescribed (*New York Investors* v. *Laurelton Homes*, 230 App. Div. 712). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.