MICHAEL J. BAKOPOULOS et al., Appellants, *v.* BANK OF
ATHENS TRUST COMPANY et al., Respondents.

Argued April 9, 1941; decided May 29, 1941.

*Jacob J. Lesser* and *H. Lesser* for appellants.

*Alexander D. Diamond* and *Charles E. Elbert* for respondents.

FINCH, J.   The question in the case at bar is whether the plaintiffs are entitled to a trial by jury or whether they may be deemed to have waived their right thereto.   There is no dispute as to the facts.   After the commencement of the action, attorneys for the plaintiffs served upon the attorneys for the defendants a note of issue for the March, 1939, term of the court together with a demand for a jury trial.   Neither this note of issue nor the demand for a jury trial was filed with the clerk of the court.   A month thereafter, attorneys for the plaintiffs served upon the attorneys for the defendants another note of issue together with another demand for a jury trial for the April, 1939, term of the court.   The second note of issue and demand for a jury trial were duly filed with the clerk of the court, but on the clerk's call of the calendar a year later, no one answered and the case was marked off.   The plaintiffs then made a motion to restore the case to the jury reserve calendar.   The motion was granted by Trial Term, but upon appeal the Appellate Division modified the order so as to strike the case from the jury calendar and to place it upon the non-jury calendar for trial.

Two questions have been certified to this court: *First*, whether the plaintiffs have waived their right to a jury trial, and *second*, whether the court at Trial Term should have granted the motion to restore the case to the jury calendar in view of section 426 of the Civil Practice Act. It is contended by defendants-respondents that the failure of the plaintiffs to file with the clerk of the court the first demand for a jury trial constituted a waiver under the provision of section 426 of the Civil Practice Act.   Unless there has been such a waiver, plaintiffs are entitled to a trial by jury.   The statute provides:

" Trial by jury; how waived. A party may waive his right to the trial * * * by a jury, in any of the following modes:

" *  *  *

" 5. In the actions specified * * * by the party first serving a copy of a note of issue failing to serve therewith a written notice demanding trial by jury and failing to file a copy of such notice with the county clerk within three days after service thereof. * * * If none of the parties to the action serves and files a notice demanding a jury trial as herein provided, *and a note of issue be filed*, the action shall be placed upon the calendar for trial of actions at law without a jury." (Civ. Prac. Act, § 426.) (Italics added.)

We fail to find in the case at bar any act by plaintiffs which constitutes a waiver of the right of a trial by jury. By serving a written demand for a jury trial with their two notes of issue plaintiffs have obviously asked for a jury trial and have done nothing to indicate a waiver thereof. Defendants-respondents point to the fact that the first demand for a jury trial was not filed " within three days after the service thereof." The intent of the Legislature was to deny a jury trial only in those cases where a party fails to give notice of his intention that the trial of the action should proceed before a jury. In the case at bar, the failure of the plaintiffs to file the first note of issue and the demand for a jury trial which had been served therewith was no more than a delay in going forward with the trial of the case  Mere delay in proceeding with the action is not sufficient, but there must be some act of waiver, either by directly waiving the right or else by failing to give notice that it was preserved. When plaintiffs served their first note of issue, it was accompanied by a demand for a jury trial. That the demand was not filed within three days does not matter, for the note of issue was not filed and the case was not placed upon any calendar. The statute refers to the failure to file the demand where the note of issue is filed. In that event, the party plainly

relinquishes his right. Here the plaintiffs insisted on their right to a jury trial at each succeeding stage of the litigation. It may be that plaintiffs tarried in proceeding to trial, but at no time did they by any act of commission or of omission, as provided in the statute, indicate a willingness to waive their right that whenever the case should be reached for trial, the trial be before a judge and a jury. Since there has been no waiver, it follows that the cause should have been restored to the jury reserve calendar.

The order of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

The first certified question is answered in the negative and the second in the affirmative.

LOUGHRAN, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., and RIPPEY, J., taking no part.

Ordered accordingly.