HANS FORBRIGER, Plaintiff, *v.* PREMIUM COAL Co., INC., Defendant.

Supreme Court, Trial Term, New York County, October 15, 1942.

*Abraham J. Drosnes* (*Benjamin D. Pollack* of counsel), for plaintiff.

*Louis Zimmerman* for defendant.

Levy, J. This cause was noticed for trial for the September, 1942, term, when on August 3, 1942, plaintiff served upon defendant a note of issue and jury demand. However, these were not filed with the county clerk until August 25, 1942, when the cause was added to the calendar and received a calendar number. Thus, the filing occurred twenty-two days after the service. Defendant now moves to strike the cause from the jury calendar upon the basis of plaintiff's failure to comply with subdivision 5 of section 426 of the Civil Practice Act, and of subdivision 3 of rule II of the New York County Supreme Court Rules for Trial Terms.

In *Bakopoulos* v. *Bank of Athens Trust Co.* (285 N. Y. 451), the plaintiffs served simultaneously a note of issue and jury demand but failed to file either of them. Thereafter, another note of issue and jury demand were served for the subsequent term which were duly filed. It was urged there, as here, that failure of strict compliance resulted in waiver. The Court of Appeals held that the plaintiffs did not at any time "by any act of commission or of omission, as provided in the statute, indicate a willingness to waive their right that whenever the case should be reached for trial, the trial be before a judge and a jury" (p. 455). Thus, the criterion of waiver is intention evidenced by some overt act rather than mere failure of strict compliance. "Mere delay in proceeding with the action is not sufficient, but there must be some act of waiver, either by directly waiving the right or else by failing to give notice that it was preserved" (p. 454). It would seem clear, therefore, that, if the right is not waived under the indicated circumstances where the note of issue and jury demand are not filed at all, such right is likewise preserved where the filing does occur although not within three days after the service. Had this plaintiff abandoned his first note and demand for the September term and reserved and filed for the October term he would then come squarely within the *Bakopoulos* case. On the other hand, it is hardly arguable that plaintiff placed himself in a less advantageous position by adhering to the September term and thus occasioning no delay in proceeding to trial.

This does not do violence to the Trial Term Rule. Its office in stabilizing practice is not frustrated. That could possibly result here if plaintiff had belatedly filed the note of issue and failed to file the jury demand. In such circumstances some prejudice might arise to a defendant who desires to demand a jury. But here the plaintiff has preserved the jury trial and defendant does not wish it. It may not thus impose a non-jury

trial upon plaintiff in the absence of any indication on his part to waive it. In fact, the defendant in the *Bakopoulos* case likewise urged that the first demand was not filed "within three days after the service thereof" (p. 454). Concerning this, the court there said: "The intent of the Legislature was to deny a jury trial only in those cases where a party fails to give notice of his intention that the trial of the action should proceed before a jury. * * * That the demand was not filed within three days does not matter, for the note of issue was not filed and the case was not placed upon any calendar. The statute refers to the failure to file the demand where the note of issue is filed. In that event, the party plainly relinquishes his right."

For these reasons, the motion must be denied.