TRANSOCEANIC FISHERIES, INC., Plaintiff, *v.* WILLIAM B. COHEN, Doing Business under the Name of THE STANDARD FISH COMPANY, Defendant.

Supreme Court, Trial Term, New York County, October 15, 1942.

74

*Myron A. Maged* for plaintiff.

*Delson, Levin & Gordon* for defendant.

LEVY, J. Plaintiff served a note of issue for the February 1942 term unaccompanied by a jury demand. It was not filed. Thereafter, in June a note of issue and jury demand were served for the October, 1942 term and these too were not filed. Finally a note of issue and jury demand were served by plaintiff for the September, 1942 term, which were filed. The cause was added to the jury calendar and given a calendar number. Defendant now moves to strike the cause from the jury calendar. Failure to serve a jury demand simultaneously with the first note of issue was an overt act evidencing an intention to waive the right of trial by jury within the meaning of section 426 of the Civil Practice Act. It could not thereafter be revived. In *Bakopoulos* v. *Bank of Athens Trust Co.* (285 N. Y. 451) the Court of Appeals declared: "Here the plaintiffs insisted on their right to a jury trial at each succeeding stage of the litigation. It may be that plaintiffs tarried in proceeding to trial, but at no time did they by any act of commission or of omission, as provided in the statute, indicate a willingness to waive their right that whenever the case should be reached for trial, the trial be before a judge and a jury."

When plaintiff first served a note of issue, unaccompanied by a jury demand, it did not, at that stage of the litigation, insist on its right to a jury trial. This act of omission was an indication of its willingness to waive such right within the meaning of section 426. (See, also, opinion of LEVY, J. in *Gale* v. *Ryan,* 180 Misc. 126, affd. 264 App. Div. 754.)

The motion must be granted and the clerk directed to place the cause on the non-jury calendar.