■ JUDY C. DENIG, an Infant, by Her Guardian ad Litem, ELSIE DENIG, et al., Respondents, v. IRENE SEELIG et al., Appellants.— In a negligence action to recover damages for personal injuries, medical expenses and loss of services as the result of the collision between two automobiles, in one of which (owned and operated by the defendants Seelig) the infant plaintiff was a passenger, the defendants Reed and Hart, the operator and owner, respectively, of the other automobile, appeal from so much of an order of the Supreme Court, Nassau County, dated April 24, 1962, as denied their motion to file a jury demand nunc pro tunc, pursuant to subdivision 5 of section 426 of the Civil Practice Act. The defendants Seelig also appeal from the same portion of said order. Order, insofar as appealed from, reversed on the facts and in the exercise of discretion, without costs, and said motion granted. It appears that on February 20, 1962, defendants Reed and Hart received plaintiffs' notice of trial for the March 1962 Term. It did not contain a demand for a jury trial. Defendants' last day to file a jury demand for the March Term was February 27, 1962. On February 26, 1962 the attorney for Reed and Hart, from a

post-office box in downtown Manhattan, mailed a jury demand, together with the required fee, to the County Clerk of Nassau County. At the same time, as required by the statute (Civ. Prac. Act, § 426, subd. 5), a copy of such demand was mailed to counsel for the plaintiffs and for the codefendants, respectively. On March 1, 1962 the County Clerk returned the jury demand to the attorney for the defendants Reed and Hart on the ground that said demand had been received by him on February 28, 1962, i.e., one day too late for the March Term. On March 20, 1962, the said defendants made the instant motion at Special Term for appropriate relief, which was denied. In our opinion, the denial of the motion was an improvident exercise of discretion. The facts indicate not only the absence of any act constituting a waiver of the right to a jury trial — an indispensable requisite to a finding that the right has been waived (*Bakopoulos* v. *Bank of Athens Trust Co.*, 285 N. Y. 451; *Schwartz* v. *Sunlight Apts.*, 274 App. Div. 901; *Morabito* v. *Solomon*, 278 App. Div. 657; *Robertson* v. *United Plastering*, 15 A D 2d 672); but on the contrary, show affirmatively a clear intention to have the jury trial. Under the circumstances, even if the one-day delay is to be attributed to these defendants rather than to the mail service, such delay was excusable. Nor did the lapse of 19 days between the County Clerk's return of the jury demand to the attorney and the making of the motion constitute an unreasonable delay. The plaintiffs' claim of prejudice based on the possibility that the trial, if by jury, may not be had for five years (as compared with the trial delay of several months in nonjury cases) is untenable. Plaintiffs could not have made any such claim if the jury demand had been timely filed (*Robertson* v. *United Plastering*, *supra*; *New York Investors* v. *Laurelton Homes*, 230 App. Div. 712). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.