■ RICHARD J. ANASKY et al., Respondents, v JUDYTH ALLOTT, Appellant. —In an action, *inter alia,* to recover moneys paid defendant, the appeal is from an order of the Supreme Court, Suffolk County, dated August 15, 1977, which denied defendant's motion to dismiss the complaint for failure to state a cause of action or, in the alternative, to compel plaintiffs to add certain individuals as defendants. Order affirmed, with $50 costs and disbursements. Although the complaint is by no means artistically drawn, it states a cause of action. Special Term exercised sound discretion in disregarding plaintiffs-respondents' tardiness in serving an answering affidavit. Defendant-appellant's claim that necessary parties were not named as defendants lacks merit. Latham, J. P., Rabin, Gulotta and O'Connor, JJ., concur.

■ SYLVIA BECK et al., Respondents, v 200 WYNDHAM ASSOCIATES, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Nassau County, dated August 22, 1977, which denied its motion for leave to file a jury demand *nunc pro tunc.* Order reversed, with $50 costs and disbursements, and motion granted. It appears that the jury demand was at most six days late under the provisions of CPLR 4102 (subd [a]). The delay of some 33 days between the attempted filing of the jury demand and the return date of the motion was not inordinate. In our opinion, these "facts indicate not only the absence of any act constituting a waiver of the right to a jury trial—an indispensable requisite to a finding that the right has been waived *(Bakopoulos v. Bank of Athens Trust Co.,* 285 N. Y. 451; *Schwartz v. Sunlight Apts.,* 274 App. Div. 901; *Morabito v. Solomon,* 278 App. Div. 657; *Robertson v. United Plastering,* 15 A D 2d 672); but on the contrary, show affirmatively a clear intention to have the jury trial" *(Denig v Seelig,* 17 AD2d 948, 949). Hopkins, J. P., Martuscello, Latham and O'Connor, JJ., concur.