■ CORINNE DI STEPHAN, Appellant, v VINCENT DI STEPHAN, Respondent. — In an action for divorce, the plaintiff wife appeals from (1) an order of the Supreme Court, Queens County

(Miller, J.), dated February 22, 1984, which granted the defendant husband's motion to vacate her demand for a jury trial, (2) an order of the same court, dated February 27, 1984, which denied, as academic, plaintiff's motion to strike the action from the Trial Calendar, and (3) a judgment of the same court, dated April 26, 1984, which, *inter alia,* granted defendant a divorce on the ground of cruel and inhuman treatment.

Appeals from the orders dated February 22, 1984 and February 27, 1984, respectively, dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248).

Judgment reversed, without costs or disbursements, order dated February 22, 1984 vacated, motion to vacate plaintiff's demand for a jury trial denied, and matter remitted to the Supreme Court, Queens County, for a new trial.

This action for divorce was commenced by service of a summons with notice on or about August 3, 1982. A verified complaint was served on or about August 13, 1982 setting forth causes of action based upon cruel and inhuman treatment and adultery. Issue was joined by service of a verified answer, on or about October 6, 1982, containing a counterclaim for divorce upon the ground of cruel and inhuman treatment. A verified reply was thereafter served.

Discovery proceedings were commenced in the latter part of 1982 and continued into 1983. On January 25, 1984, defendant served, by mail, a note of issue and certificate of readiness for trial which alleged that all necessary discovery proceedings had been completed and that no further requests for discovery were outstanding. However, on January 26, 1984, prior to receipt of defendant's note of issue and certificate of readiness, plaintiff served, by mail, a notice of discovery and inspection pertaining to the books and records of defendant's law practice. The following day, January 27, 1984, plaintiff received defendant's note of issue and certificate of readiness. Plaintiff moved that same day to strike the action from the Trial Calendar upon the ground that certain discovery proceedings had not yet been completed; the motion was returnable on February 16, 1984. On January 30, 1984, defendant received both plaintiff's notice of discovery and inspection and her motion to strike.

The case was thereafter calendared for trial on February 8, 1984. On that date, plaintiff served a timely demand for trial by jury (CPLR 4102, subd [a]). In addition, plaintiff's counsel submitted an affirmation of actual engagement for that date to Special Term, along with a supplemental affirmation describing the outstanding discovery request and the pending motion to strike. The case was marked "ready and passed" to February 9,

1984, the next day. On February 9, plaintiff's attorney once again submitted an affirmation of actual engagement, and the case was marked "ready and passed" for one day to February 10, 1984. On February 10, the case was marked "ready and passed" to February 22, 1984, on the consent of both parties. It was agreed at that time that discovery proceedings involving the valuation of defendant's law practice would take place on February 16, 1984, and it was thereafter agreed that plaintiff's motion to strike, then returnable on February 16, would be adjourned to March 1, 1984. According to plaintiff's attorney, the motion was adjourned, rather than withdrawn, to preserve plaintiff's discovery rights in the event that discovery had not been completed by the new trial date.

On February 16, 1984, plaintiff's expert examined the records of defendant's law practice for the purpose of ascertaining its value. By order to show cause (Buschmann, J.), dated February 17, 1984 and returnable February 22, 1984, defendant moved to vacate plaintiff's jury demand. Defendant's attorney stated that the demand had not been received until February 13, and he alleged that plaintiff's counsel had acted in bad faith by failing to disclose the existence of the demand and permitting the case to be "ready and passed" on the nonjury Trial Calendar on February 8, 9 and 10. Defense counsel maintained that he would not have consented to the adjournment from February 10 to February 22, nor to the subsequent appraisal of defendant's law practice, had he been aware of the jury demand, because the case would lose its "ready and passed" status once it had been referred to the Jury Trial Part, thereby further delaying the commencement of trial; the defense contended that plaintiff had, by her conduct, waived her right to a jury trial.

In an affirmation in opposition to the motion, plaintiff's attorney asserted that the jury demand had been timely, and he had not been required by statute to provide any additional or supplemental notice pending receipt of the demand itself by the court and by his adversary. Plaintiff's counsel stated that he had never promised to be ready to commence the trial on February 22 and, in fact, necessary financial disclosure would not be completed until well after that date.

On February 22, 1984, the action was scheduled for trial and, in addition, defendant's motion to vacate plaintiff's jury demand was returnable. Without reviewing plaintiff's papers in opposition to the motion to vacate her jury demand, the court (Miller, J.), summarily granted the motion. The court then denied plaintiff's request for a further adjournment and directed her to proceed to trial immediately. Plaintiff and her attorney advised

the court that they would not participate in the trial under these circumstances. The court then dismissed the complaint and proceeded to trial on the counterclaim and ancillary issues, without a jury. Although the court directed plaintiff's attorney to remain in the courtroom, the attorney refused to cross-examine or otherwise participate in the trial of the counterclaim. At the conclusion of the trial, the court reserved decision.

By order dated February 27, 1984, the court denied plaintiff's motion to strike the action from the Trial Calendar because the trial had been completed, thereby rendering the motion academic. Thereafter, by judgment dated April 26, 1984, the court, *inter alia,* granted defendant's counterclaim for divorce on the ground of cruel and inhuman treatment.

The issue before us on appeal is whether plaintiff, having timely exercised her right to demand a jury trial, thereafter waived that right. We conclude that no such waiver occurred and, therefore, the trial court erred in granting defendant's motion to vacate the demand.

Plaintiff's divorce action was predicated on the grounds of cruel and inhuman treatment and adultery. The right to a trial by jury upon both such grounds is guaranteed by section 173 of the Domestic Relations Law, which provides: "In an action for divorce there is a right to trial by jury of the issues of the grounds for granting the divorce" (see, also, *Eliot v Eliot,* 70 AD2d 612; *Mandel v Mandel,* 109 Misc 2d 1, 2-3). Moreover, the right to a jury trial on the issue of adultery in a divorce action is guaranteed by the State Constitution as well (NY Const, art I, § 2; art VI, § 18; *Moot v Moot,* 214 NY 204, 211; *Baird v Mayor, Aldermen & Commonalty of City of N. Y.,* 74 NY 382, 384; *Halgren v Halgren,* 160 App Div 477), and such right may not be surrendered except under circumstances amounting "to a waiver prescribed by law" (*Moot v Moot, supra,* p 211).

A party may waive its right to a jury trial by failing to make a demand pursuant to the provisions of CPLR 4102 (subd [a]). Once having made the required demand, a party may thereafter waive its right to a jury trial pursuant to the terms of CPLR 4102, (subd [c]), which provides in pertinent part as follows: "A party who has demanded the trial of an issue of fact by a jury under this section waives his right by failing to appear at the trial, by filing a written waiver with the clerk or by oral waiver in open court".

In the case at bar, there is no dispute that plaintiff's demand was timely made, i.e., within 15 days after service of defendant's note of issue (CPLR 4102, subd [a]). Thus, we must look to the provisions of subdivision (c) to determine whether plaintiff's

right to a jury trial was thereafter waived, and we conclude that plaintiff engaged in none of the conduct which would have amounted to a waiver under that subdivision. She did not execute and file an express written waiver with the clerk, nor did she expressly waive her right to a jury trial orally in open court. Moreover, it cannot be said that plaintiff failed to appear at the trial so as to waive her right to a jury trial under the statute (CPLR 4102, subd [c]). To the contrary, both plaintiff and her counsel were present when the trial was commenced, and we do not equate plaintiff's refusal to participate in the trial, *after* the trial court had vacated her jury demand, as an intentional relinquishment or waiver of her right to a jury trial. Finally, although a waiver may be found under circumstances not provided for by statute (*Baird v Mayor, Aldermen & Commonalty of City of N. Y.,* 74 NY 382, 386, *supra*), this is not a case where plaintiff, having made a timely jury demand, simply submitted to a nonjury trial voluntarily and without objection (*Baird v Mayor, Aldermen & Commonalty of City of N. Y., supra* p 386; see, also, *Greason v Keteltas,* 17 NY 491, 498). In sum, it appears that plaintiff's conduct not only failed to evidence any waiver of the right to a jury trial but, on the contrary, affirmatively showed a clear intention to have a trial by jury (see *Denig v Seelig,* 17 AD2d 948, 949).

We conclude, therefore, that plaintiff did not waive either her statutory or constitutional right to a jury trial in this case. That being so, the trial court erred when it granted defendant's motion to vacate the jury demand. Although the trial court had discretion to deny plaintiff's request for a further adjournment and to require the parties to proceed to trial, the court could not, in the face of a valid jury demand, simply vacate that demand and require the parties to submit to a bench trial.

Moreover, the fact that defendant's counterclaim for divorce was granted does not lessen the prejudice to plaintiff. In a divorce action, a party has a right to have a trial on her claim for a divorce even where the other party has established his entitlement to a divorce (*Carlan v Carlan,* 104 AD2d 434; *Zaccai v Zaccai,* 99 AD2d 830). Furthermore, in this case, plaintiff's demand entitled her to a trial by jury on all issues so triable (CPLR 4102, subd [b]). Thus, plaintiff had a right to a jury trial on both of her two causes of action for divorce and, in addition, defendant's counterclaim for divorce (Domestic Relations Law, § 173).

We have considered plaintiff's remaining contentions and find them to be without merit.

Because we conclude that plaintiff was denied her right to a jury trial, the judgment must be reversed in its entirety and

plaintiff must be afforded a new trial. Titone, J. P., Bracken, Boyers and Lawrence, JJ., concur.