██ LINDA L. BUDDLE, Appellant, v DUANE BUDDLE, Respondent. [878 NYS2d 639]—

Malone Jr., J. Appeal from an order of the Supreme Court (Coccoma, J.), entered September 29, 2008 in Otsego County, which, among other things, granted defendant's motion to strike the nonjury trial note of issue.

Plaintiff commenced this action for a divorce in 2006 and filed a nonjury trial note of issue on July 21, 2008. By motion dated July 25, 2008, defendant moved to strike the note of issue and demanded a jury trial. Citing defendant's absolute right for a trial by jury on the issue of grounds for granting a divorce (*see* Domestic Relations Law § 173; *DiStephan v Di Stephan*, 106 AD2d 603, 606-607 [1984]), Supreme Court granted defendant's motion and ordered the nonjury trial note of issue stricken. Plaintiff appeals and we affirm.

Though couched as a motion to strike the note of issue, rather than the appropriate remedy of a demand for a jury trial in accordance with CPLR 4102 (a), the primary relief sought in defendant's moving papers is a jury trial on the issue of grounds for divorce. We will consider Supreme Court's order in that context inasmuch as defendant's procedural error did not diminish the court's authority to impose or enforce the applicable provisions of law, as referenced within the order (*see* CPLR 4102; Domestic Relations Law § 173). While we are unable to ascertain on this record whether defendant's motion was filed within 15 days after service of plaintiff's note of issue in accordance with CPLR 4102 (a), even if the motion was untimely, "the decision as to whether to relieve a party from failing to timely comply with [that section] lies within the sound discretion of the trial court" (*Roosa v Roosa*, 248 AD2d 858 [1998]; *see* CPLR 4102 [e]; *Calabro v Calabro*, 133 AD2d 604 [1987]). Inasmuch as a review of the record provides no indication that plaintiff is unduly prejudiced, we perceive no abuse of discretion in Supreme Court's order (*see* CPLR 4102 [e]).

Mercure, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.