■ STACY S. ROOSA, Respondent, v JAMES P. ROOSA, JR., Appellant. [669 NYS2d 740] —Spain, J. Appeal from an order of the Supreme Court (Bradley, J.), entered September 17, 1997 in Ulster County, which denied defendant's motion for, *inter alia,* leave to file a late demand for a jury trial.

Plaintiff commenced this matrimonial action in March 1996. At a conference in early July 1997, Supreme Court set a trial date for September 3, 1997. Shortly thereafter, pursuant to the schedule set by the court, plaintiff filed and served a note of issue requesting a nonjury trial. Defendant failed to serve plaintiff with a demand for a jury trial within 15 days of service of the note of issue (*see,* CPLR 4102 [a]), thereby waiving his right to a jury trial. In late August 1997 defendant changed attorneys because his attorney was leaving private practice; defendant's new attorney requested and obtained from Supreme Court an adjournment of the trial date, which was rescheduled to September 25, 1997. In early September 1997 defendant for the first time sought, *inter alia,* an order pursuant to CPLR 4102 (e) permitting him to file and serve a demand for a jury trial based on his assertion that he was not aware that plaintiff had demanded a nonjury trial until his new attorney had been retained. Plaintiff opposed the motion; thereafter, without written decision, Supreme Court denied defendant's request. Defendant appeals.

We affirm. In our view, the decision as to whether to relieve a party from failing to timely comply with CPLR 4102 (a) lies within the sound discretion of the trial court (*see, Calabro v Calabro,* 133 AD2d 604; Siegel, NY Prac § 378, at 569 [2d ed]; *see also,* CPLR 4102 [e]). The only limitation on the court's discretion appears to be that any decision to forgive such a waiver should not unduly prejudice the other party or parties (*see,* CPLR 4102 [e]; 73 NY Jur 2d, Jury, §§ 60-65). Upon a full review of the record before us we cannot say that, under the circumstances of this case, Supreme Court abused its discretion, especially in light of the impending trial date (*see, Fidler v Sullivan,* 81 AD2d 733, *lv dismissed* 54 NY2d 601).

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.