■ STEVEN FERTIK, Respondent, v RICHARD FERTIK et al., Appellants. [694 NYS2d 456] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Douglass, J.), dated December 10, 1997, which, after a nonjury trial finding that the plaintiff was 10% at fault and the defendants were 90% at fault in the happening of the accident, and finding that the plaintiff had sustained damages in the sums of $6,000 for loss of income, $325,000 for past pain and suffering and loss of enjoyment of life, and $250,000 for future pain and suffering and loss of enjoyment of life, is in favor of the plaintiff and against them in the principal sum of $525,400 ($5,400 for loss of income, $295,000 for past pain and suffering and loss of enjoyment of life, and $225,000 for future pain and suffering and loss of enjoyment of life).

Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof awarding the plaintiff the principal sums of $295,000 for past pain and suffering and loss of enjoyment of life and $225,000 for future pain and suffering and loss of enjoyment of life, and the total principal sum of $525,400, and a new trial is granted on the issue of damages for past pain and suffering and loss of enjoyment of life and future pain and suffering and loss of enjoyment of life only, with costs to the appellant, unless within 30 days after the service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the finding as to damages for past pain and suffering and loss of enjoyment of life from $325,000 to $75,000, and future pain and suffering and loss of enjoyment of life from $250,000 to $75,000, and to the entry of an amended judgment accordingly awarding damages for past

pain and suffering and loss of enjoyment of life in the sum of $67,500 (90% of $75,000), and for future pain and suffering and loss of enjoyment of life in the sum of $67,500 (90% of $75,000); in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a 45-year-old maintenance man at the time of trial, was injured when he tripped over a hole in the porch of his home, which was in a state of disrepair. The defendant landowners, who are also the plaintiff's parents, admit that the plaintiff informed them of the dangerous condition and that they did not repair it. The plaintiff sustained a fracture of his left ankle.

The defendants' motion for leave to file a late demand for a trial by jury, made 15 months after the note of issue was filed, was properly denied. The defendants' excuse that counsel inadvertently failed to notice that the plaintiff's note of issue requested a bench trial is inadequate. The renewal motion for that relief, made on the day of trial, was also properly denied. On that day a sign language interpreter was available for the plaintiff, who is deaf, after extensive efforts had been made to locate an interpreter.

While the trial court's apportionment of fault at 90% to the defendants and 10% to the plaintiff was not against the weight of the evidence, we find that the amount of damages deviated materially from what would be reasonable compensation to the extent indicated herein (*see,* CPLR 5501 [c]; *Mofson v New York City Hous. Auth.,* 250 AD2d 741; *Lemberger v City of New York,* 211 AD2d 622). Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.