■ STEVEN TANGER, Appellant, v ALFRED FERRER III et al., Respondents. [954 NYS2d 86]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered March 1, 2012, which granted defendants' motion for leave to serve a demand for a jury trial nunc pro tunc, and denied plaintiff's motion to strike the jury demand and for sanctions, unanimously affirmed, without costs.

Defendants established that their failure to timely serve a jury demand was unintentional, and plaintiff failed to demonstrate any prejudice arising from the delay (*see* CPLR 4102 [a], [e]; *Ossory Trading v Geldermann, Inc.*, 200 AD2d 423 [1st Dept 1994]). Defendants' lead counsel affirmed that he simply failed to notice plaintiff's request for a nonjury trial in the note of issue, because he was focused on reviewing the voluminous case file to insure that discovery was complete. To the extent plaintiff argues that he will be prejudiced by the glimpse defendants were afforded into his trial strategy during the parties' mediation, which he says was based on the understanding that a nonjury trial would follow if mediation failed, we find that he has not demonstrated such prejudice. Moreover, at the time of defendants' motion, the parties were contemplating continued mediation and no trial date had been scheduled; as the motion court observed, plaintiff will have adequate time to prepare for trial.

Defendants' conduct does not rise to the level of frivolous conduct as defined in 22 NYCRR 130-1.1 (c). Moreover, we note that the motion court awarded costs to plaintiff.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Acosta and Freedman, JJ.