# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**82**
**CA 16-00832**
PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

MICHAEL P. CICCO, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

FRED S. DUROLEK AND ELAINE A. DUROLEK,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

LAW OFFICE OF ERIC B. GROSSMAN, WILLIAMSVILLE (ERIC B. GROSSMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

ROE & ASSOCIATES, WILLIAMSVILLE (ROBERT E. GALLAGHER, JR., OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered March 7, 2016. The order granted the motion of defendants for leave to serve and file a late demand for a jury trial.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order granting defendants' motion for leave to serve and file a late demand for a jury trial pursuant to CPLR 4102 (e). Contrary to plaintiff's contention, Supreme Court did not err in granting the motion. The decision "whether to relieve a party from failing to timely comply with CPLR 4102 (a) lies within the sound discretion of the trial court" (*Roosa v Roosa*, 248 AD2d 858, 858; *see Calabro v Calabro*, 133 AD2d 604, 604). "The only limitation on the court's discretion appears to be that any decision to forgive such a waiver should not unduly prejudice the other party or parties" (*Roosa*, 248 AD2d at 858; *see Leone v Greek Peak*, 81 AD2d 751, 751). Here, plaintiff did not demonstrate that he would be prejudiced by a delay in the trial caused by the granting of the motion. Rather, the record establishes that the delay of the trial was attributable to the need for additional disclosure after plaintiff submitted a supplemental bill of particulars that included new or expanded claims for economic loss. Indeed, plaintiff requested a further delay of the trial in order to prosecute this appeal. We have considered plaintiff's other claims of prejudice and conclude that they are without merit.

Entered: February 10, 2017                    Frances E. Cafarell
                                              Clerk of the Court