Rudolf v Solomon (2019 NY Slip Op 03394)





Rudolf v Solomon


2019 NY Slip Op 03394


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-04711
 (Index No. 398/15)

[*1]Karen J. Rudolf, appellant, et al., plaintiff,
v
Sarah E. Solomon, et al., respondents.


Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Joseph Bavaro, Daniel J. Solinsky, and Beth S. Gereg of counsel), for appellant.
Brody & Branch, LLP, New York, NY (Mary Ellen O'Brien of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Karen J. Rudolf appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered April 14, 2017. The order denied that plaintiff's motion to strike the defendants' demand for a jury trial and granted the defendants' cross motion pursuant to CPLR 4102(e) for leave to serve and file a late demand for a jury trial nunc pro tunc.
ORDERED that the order is affirmed, with costs.
The plaintiff Karen J. Rudolf (hereinafter the plaintiff) alleged that she was injured in a motor vehicle accident when the vehicle she was operating, which was stopped at a red light, was struck in the rear by a vehicle operated by the defendant Sarah E. Solomon and owned by the defendant Marc E. Solomon. After issue was joined, the plaintiff moved for summary judgment on the issue of liability, and the Supreme Court granted the motion.
In June 2015, the plaintiff filed a note of issue and requested a trial without a jury on the issue of damages. The parties stipulated that the note of issue would be stricken pending further discovery, and approximately one year later, the parties stipulated that the note of issue would be restored nunc pro tunc.
In December 2016, the defendants filed a demand for a jury trial. The plaintiff moved to strike the defendants' demand for a jury trial, and the defendants cross-moved pursuant to CPLR 4102(e) for leave to serve and file a late demand for a jury trial nunc pro tunc. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals.
"A motion pursuant to CPLR 4102 (e) for an extension of time to file a demand for a jury trial must be based upon a factual showing that the earlier waiver of that right was the result of either inadvertence or other excusable conduct indicating a lack of intention to waive such a right" (Hyatte v G.B.W. Glenwood Dental Adm'rs, Inc., 8 AD3d 233, 233). Here, the Supreme Court providently exercised its discretion in granting the defendants' cross motion, based upon the defendants' factual showing that their failure to serve and file a timely demand for a jury trial was [*2]inadvertent and due to law office failure (see Leone v Greek Peak, 81 AD2d 751, 751; Morabito v Solomon, 278 App Div 657, 657). Moreover, the plaintiff failed to demonstrate that she will be unduly prejudiced (see Cicco v Durolek, 147 AD3d 1486, 1487; Tanger v Ferrer, 100 AD3d 528, 529).
Contrary to the plaintiff's contention, none of the stipulations in this case prohibited the defendants from moving pursuant to CPLR 4102(e) for leave to serve and file a late demand for a jury trial.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' cross motion for leave to serve and file a late demand for a jury trial nunc pro tunc, and to deny the plaintiff's motion to strike the defendants' demand for a jury trial.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court