Silverman v El-Sadr (2024 NY Slip Op 24063)

[*1]

Silverman v El-Sadr

2024 NY Slip Op 24063

Decided on February 29, 2024

Supreme Court, Queens County

Catapano-Fox, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 29, 2024
Supreme Court, Queens County

Kenneth P. Silverman, As Trustee of MIROSLAW J. NATKANIEC, Plaintiffs,

against
Hany M. El-Sadr, M.D., JAIDEEP G. REDDY, M.D., NEW YORK TRADES COUNCIL QUEENS HEALTH CENTER, THE NEW YORK HOTEL TRADES COUNCIL AND HOTEL ASSOCIATION HEALTH CENTER, INC., THE NEW YORK HOTELTRADES COUNCIL AND HOTEL ASSOCIATION OF NEW YORK CITY HEALTH CENTER, INC., Defendants.

Index No. 714576/2019

Plaintiff is represented by David A. Kates, Esq. of Schwartz, Goldstone, Campisi & Kates, and defendant Hany M. El-Sadr, M.D. is represented by Louis Edward Jakub, Esq. of Garson & Jakub LLP, defendant Jaideep G. Reddy, M.D. is represented by James A. Pannone, Esq. of Morris Duffy Alonso & Faley, defendant Irina Espinar, M.D. is represented by Thomas J. Benvenuto, Esq. of the Law Offices of Benvenuto & Gaujean, and defendants NY Hotel Trades Council and Hotel Association Health Center, Inc. are represented by David A. Abrams, Esq. of Strongin, Rothman & Abrams, LLP.

Tracy Catapano-Fox, J.

The following papers numbered EF-85 to EF-100 read on this application by defendant HANY M. EL-SADR, M.D. for leave to file and serve a demand for a jury trial nunc pro tunc pursuant to CPLR §4102(e).
Papers
Numbered
Order to Show Cause, Affirmation, Exhibits ......EF85-EF91
Affirmation in Opposition, Exhibits ..................EF82-EF94
Affirmation in Support 
....................................EF95
Reply Affirmation, Exhibits.............................. EF96-EF99
Letter to Judge ...............................................EF100
Upon the foregoing papers and oral argument before the Court, it is ordered that this application is determined as follows:
Defendant Hany M. El-Sadr, M.D.'s application for leave to file and serve a demand for a jury trial nunc pro tunc pursuant to CPLR §4102(e) is denied, as defendant failed to sufficiently demonstrate that his failure to assert a timely jury trial demand was the result of either inadvertence, a clerical error, or excusable conduct. (Hyatte v. G.B.W. Glenwood Dental Adm'rs, Inc., 8.AD3d 233, 233 [2d Dept 2004].) Plaintiff commenced this medical malpractice action by filing the Summons and Complaint on August 22, 2019, and issue was joined by Dr. El-Sadr filing an Answer on December 2, 2019. On June 29, 2023, plaintiff filed a Note of Issue demanding a trial without a jury, and reiterated the intent to proceed without a jury in an email communication to the Court and defendants on February 13, 2024.
Defendant Dr. El-Sadr now seeks permission to file and serve a demand for a jury trial nunc pro tunc, and submits counsel's affirmation and plaintiff's Note of Issue in support of the application. He argues that he will be irreparably and unfairly prejudiced if his constitutional right to a jury trial is waived, as he will be deprived of certain post-verdict rights and applications. Defendant Dr. El-Sadr argues that when plaintiff filed the Note of Issue, counsel for Dr. Sadr inadvertently failed to identify that plaintiff did not place a checkmark next to the "Trial by Jury" box and it was never Dr. El-Sadr's intention to waive a trial by jury. Defendant Dr. El-Sadr further argues that plaintiff will not be prejudiced by a jury trial. Based upon the foregoing, defendant Dr. Sadr argues that he is entitled to leave to file and serve a demand for a jury trial nunc pro tunc. Co-defendant Jaideep G. Reddy, M.D. joins in defendant Dr. El-Sadr's application.
Plaintiff opposes defendant Dr. El-Sadr's application and presents counsel's affirmation and case law in support of the opposition. Plaintiff argues that defendant Dr. El-Sadr failed to offer an adequate or acceptable excuse for the eight-month delay in seeking to file a jury demand. Plaintiff further argues that defendant failed to present controlling caselaw in support of the application, as defendant presented cases outside of the Second Department that did not involve lengthy delays. Plaintiff further argues that he will be prejudiced by a jury trial at this juncture, as this is a complicated medical malpractice case with a trial scheduled to begin on March 11, 2024. Based upon the foregoing, plaintiff argues that defendant Dr. El-Sadr's application should be denied.
It is well recognized that a defendant's constitutional right to a criminal trial by jury is a quintessential pillar of our judicial system. (U.S. Constitution, Sixth Amendment.) However, this right in civil trials is not absolute, and for almost one hundred years, the U.S. Supreme Court has consistently held that the Seventh Amendment right to a jury trial may be waived when there is an appearance and participation in the trial without demanding a jury. (Duignan v. United States, 274 U.S. 195, 198 [1927].)
There is no dispute that plaintiff intentionally did not make a jury demand when filing the Note of Issue, and defendant did not file a jury demand in accordance with CPLR §4102. However, defendants seek to file a jury demand nunc pro tunc on the eve of trial after realizing that the Note of Issue did not include a jury demand. The Federal Courts have considered when it is appropriate to permit an untimely jury demand. In considering what factors are relevant, the Second Circuit Court of Appeals in Higgins v. Boeing Co., 526 F.2d 1004, 1007 (2d Cir. 1975) [*2]presented these four factors: (1) whether the state court has broad discretion to grant jury demands; (2) whether the action is one that is traditionally tried by juries; (3) whether the parties assumed there would be a jury trial; and (4) whether granting the untimely demand would be prejudicial to the nonmoving party. (Capak v. Epps, _F. Supp.3d_, 2023 U.S. Dist. LEXIS 85755 [SDNY 2023].) Additionally, the Federal Courts have determined that the Court has the discretion to permit a jury trial in the absence of a timely demand, but this discretion is limited to where there has been a "showing beyond mere inadvertence." (Lastra v. Weil, Gotshal & Manges LLP, 2005 WL 551996 [SDNY 2005].) 
New York law has established rules for trial procedure, including the invocation of the right to a jury trial in civil matters. CPLR §4102 dictates that where a party serves a Note of Issue without a demand for a jury trial, a party requesting a jury must make the demand within fifteen days, otherwise that party waives its right to a trial by jury. The party requesting a jury trial may move for an extension, however, the extension must be based upon "a factual showing that the earlier waiver of that right was the result of either inadvertence or other excusable conduct indicating a lack of intention to waive such right." (Rudolf v. Solomon, 172 AD3d 773, 774 [2d Dept. 2019].) The decision of whether to relieve a party from failing to timely demand a jury trial pursuant to CPLR §4102 lies within the sound discretion of the trial court. (Ballinger v. Stelle Architects, PLLC, 171 AD3d 846, 846 [2d Dept. 2019].) Further, "the only limitation on the court's discretion appears to be that any decision to forgive such a waiver should not unduly prejudice the other part[ies]". (Cicco v. Durolek, 147 AD3d 1486, 1487 [4th Dept. 2017].) 
A review of cases from the Appellate Division Second Department has also provided consistent guidance on what constitutes "inadvertence" sufficient to warrant a late jury demand. The Second Department has held that a defendant's explanation that he inadvertently failed to realize that the Note of Issue was filed with a request for a non-jury trial was an inadequate excuse to warrant granting a late demand for trial by jury. (Fertik v. Fertik, 264 AD2d 463, 464 [2d Dept. 1999].) Similarly, the Second Department has also held that the trial court abused its discretion in permitting a late jury demand where plaintiff's counsel relied on the office's customary practice of not requesting a jury trial on the assumption that defendants would then do it and pay the fee, as making assumptions based on customary practices does not warrant a finding of inadvertence or clerical error sufficient to permit the filing of a late jury demand. (Skelly v. Sachem Cent. Sch. Dist., 309 AD2d 917, 917 [2d Dept. 2003].)
Defendant Dr. El-Sadr's motion is denied, as he failed to demonstrate counsel's actions were a result of inadvertence or a clerical error sufficient to warrant a late jury demand. Dr. El-Sadr's argument that counsel's inadvertence is based upon the failure to notice the "Trial by Jury" box was not checked off is not sufficient to warrant a late jury demand. (See Fertik, supra.) It is noted that when plaintiff filed the Note of Issue through the NYSCEF system on June 29, 2023, it was entitled in capital letters "NOTE OF ISSUE: WITHOUT JURY", which was readily visible to defendant. Defendant's argument that he has presented an excusable neglect is without merit, and his reliance on Rudolf is misplaced. In Rudolf, the Second Department upheld the trial court's extension of the late demand based upon the defendants' factual showing that their failure to timely serve a jury trial demand was inadvertent and due to [*3]law office failure. While the Appellate Division has routinely accepted that law office failure may constitute a reasonable excuse, the Second Department has been consistent and clear that mere neglect is not sufficient to warrant law office failure, and the alleged failure must be supported by detailed allegations. (Crudele v. Price, 218 AD3d 534, 535 [2d Dept. 2023]; see also Matter of Maya Assur. Co. v. Zheng, 207 AD3d 632, 633 [2d Dept. 2022].) Here, defendant's failure to ascertain that plaintiff was not requesting a jury trial was neither based upon a clerical error nor excusable inadvertence or law office failure, but rather was based upon the mere assumption that plaintiff was requesting a jury trial because that is what is "typically done". For eight months, defendant failed to recognize that plaintiff was not demanding a jury trial until the Court contacted the parties to schedule a pretrial conference for the upcoming trial scheduled on March 11, 2024. 
Furthermore, defendant Dr. El-Sadr failed to demonstrate that he is prejudiced by the nonjury trial, as he failed to submit an affidavit of merit and solely submitted counsel's affirmation in support of this claim. Defendant also failed to sufficiently demonstrate that plaintiff would not be prejudiced by the late jury demand. Plaintiff has the burden of proof to prosecute the claims, and in doing so intentionally waived the right to a jury. Defendant does not have a burden of proof, as he has no counterclaims for which he would have a burden, and the only reason presented for seeking a late jury demand is a strategic choice in medical malpractice actions that are generally determined by jury trials. As defendant does not have a burden in establishing any causes of action, defendants' failure to timely assert a jury demand and the interests of justice warrant respecting plaintiff's choice to proceed without a jury. Given this matter is scheduled for trial in less than two weeks, defendant's argument that plaintiff will not be prejudiced by a jury trial at this juncture is also without merit, as plaintiff correctly pointed out that this is a complex medical malpractice action. Based upon the foregoing, defendant Dr. El-Sadr failed to demonstrate that a late jury demand is warranted.
Accordingly, defendant Hany M. El-Sadr, M.D.'s motion for leave to file and serve a demand for a jury trial nunc pro tunc, pursuant to CPLR §4102(e) is denied. The parties are directed to appear on Friday March 1, 2024 at 10:00am via Microsoft Teams for a pretrial conference. This constitutes the decision and Order of the Court.
Dated: February 29, 2024
Hon. Tracy Catapano-Fox, J.S.C.